The opinion of the Court was delivered by
O’NeaXjL, J.
The question mainly relied upon in this case is the incompetency of W. H. D. Graillard, a witness on both issues. On the first, that of the plea in abatement, there can be no doubt that he was competent, when we look at the way in which he was presented. Because he was alleged to be Sloan’s copartner was certainly no reason, why he was to be excluded. To show his interest the defendant examined him, on his voir dire, and he stated, “ that the firm of W. H. D. Graillard & Co., consisted of himself and the plaintiff Sloan. But that the firm made no contract with the defendants. They made the carts for Sloan. He, Graillard, refused to have anything to do in the contract with Bangs & Co. Sloan after his return from the North, gave the firm an opportunity of making a part of the carts. Sloan he said had paid the company in full. • He (witness) has nothing to do with the case.” This is his precise examination upon the voir dire, which I have taken from my notes, so that the question of incompetency might be better understood, than from the mass of his proof, as set down in my report. Beyond all doubt, he could not'be excluded from that examination. When sworn, in chief, if there were any indication of interest, or bias, such went to his credit, and of that the defendants had the benefit before the jury, who notwithstanding these,' and every other fact relied upon by the defendants, found, that he was not' the partner of Sloan in the contract with Bangs & Co.
On the second issue, that in which the plaintiff went to the jury to recover as a sole contractor, Mr. Graillard when presented as a witness could not be challenged as a copartner, *107 for tbe verdict concluded tbat matter; but still tbe question was first presentable, bad be an interest in tbe event of this suit? and bere again, be was examined touching bis interest, and be said, “tbe damages bere will not fall upon bim; if tbe carts as manufactured produce loss, tben tbe sbop would loose, otherwise be would have a share of tbe profits.” This short note of bis testimony, must be explained before we can understand it. He and his firm were sub-contractors at first, for a part, and tben for all tbe carts, under Sloan. He bad affirmed tbat Sloan bad settled with bim for bis part of tbe job. Tbe words which be used meant, that if tbe workmanship and materials for tbe carts, cost more than dhe stipulated price, be as one of tbe partners in the sbop would lose pro tanio: if tbe price exceeded tbe workmanship and materials, be would gain pro tanto. This was no interest in tbe suit. For, let Sloan gain or lose, be was liable to pay Grailliard & Co. tbe contract price. Indeed be bad already done it, by giving Graillard bis note for bis share. It was no objection to bis competency when asked, — whether be would enforce tbat note, if Sloan lost this suit? be said be did not know what be would do. Legally be could enforce tbe note, — as an act of friendship be might forgive it.
There was nothing therefore to exclude bim in tbe beginning, and when examined on all facts of the case, I think there was nothing to show be bad any interest in tbe event of this suit.
Tbe parties (defendants) bere again, bad not only tbe benefit of urging apon tbe jury tbe various facts showing bis participation in tbe manufacturevof tbe carts, as affecting bis credit, but again they put to tbe jury tbe question, whether, it bad not been shown tbat Sloan was not a sole contractor with Bangs & Co., but tbat in fact be and Gaillard were joint contractors, (although not partners), and that question was again fairly and distinctly submitted to tbe jury, and upon it a second verdict was found for tbe plaintiff. How can it be *108 that against Graillard’s oatb, and against two verdicts, we can be called.upon to declare bis testimony to be incompetent? I am sure I cannot, and of that opinion is tbe Court. The other grounds relate to the facts — upon which the finding of the jury is much apter to be right, than any guess of this Court would be.
The motions on both issues are dismissed.
Withees, WhitNer, G-lover, and MüNRO, JJ., concurred.

Motions dismissed.